UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

LANDON LAMONT WASHINGTON,

              Plaintiff,

-against-

HON. ERIC SCHNEIDERMAN, ESQ.; STATE OF NEW YORK; ANDERA EVANS; BOARD OF PAROLE,

              Defendants.

1:20-CV-1550 (LLS)

ORDER OF DISMISSAL

LOUIS L. STANTON, United States District Judge:

Plaintiff, currently incarcerated in the Otis Bantum Correctional Center on Rikers Island, brings this *pro se* action asserting that the defendants have violated his federal constitutional rights. He sues former New York State Attorney General Eric Schneiderman, the State of New York, former Chairwoman of the New York State Board of Parole Andrea Evans, and the New York State Board of Parole. Plaintiff sues the individual defendants in their individual capacities, and seeks unspecified damages and unspecified injunctive relief.

The Court construes Plaintiff's complaint as asserting claims for damages under 42 U.S.C. § 1983 and claims for *habeas corpus* relief under 28 U.S.C. § 2254. By order dated April 1, 2020, the Court granted Plaintiff's request to proceed without prepayment of fees, that is, *in forma pauperis* ("IFP").[1] For the reasons discussed below, the Court dismisses this action.

**STANDARD OF REVIEW**

The Prison Litigation Reform Act requires that federal courts screen complaints brought by prisoners who seek relief against a governmental entity or an officer or employee of a

---

[1] Prisoners are not exempt from paying the full filing fee, even when they have been granted permission to proceed IFP. *See* 28 U.S.C. § 1915(b)(1).

governmental entity. *See* 28 U.S.C. § 1915A(a). The Court must dismiss a prisoner's IFP complaint, or any portion of the complaint, that is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. §§ 1915(e)(2)(B), 1915A(b); *see Abbas v. Dixon*, 480 F.3d 636, 639 (2d Cir. 2007). The Court must also dismiss a complaint if the Court lacks subject- matter jurisdiction. *See* Fed. R. Civ. P. 12(h)(3).

While the law mandates dismissal on any of these grounds, the Court is obliged to construe *pro se* pleadings liberally, *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and interpret them to raise the "strongest [claims] that they *suggest*," *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) (internal quotation marks and citations omitted, emphasis in original). But the "special solicitude" in *pro se* cases, *id*. at 475 (citation omitted), has its limits – to state a claim, *pro se* pleadings still must comply with Rule 8 of the Federal Rules of Civil Procedure, which requires a complaint to make a short and plain statement showing that the pleader is entitled to relief.

The Supreme Court of the United States has held that under Rule 8, a complaint must include enough facts to state a claim for relief "that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is facially plausible if the plaintiff pleads enough factual detail to allow the Court to draw the inference that the defendant is liable for the alleged misconduct. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). In reviewing the complaint, the Court must accept all well-pleaded factual allegations as true. *Id.* But it does not have to accept as true "[t]hreadbare recitals of the elements of a cause of action," which are essentially just legal conclusions. *Id.* (citing *Twombly*, 550 U.S. at 555). After separating legal conclusions from well-

pleaded factual allegations, the Court must determine whether those facts make it plausible – not merely possible – that the pleader is entitled to relief. *Id.* at 679.

## BACKGROUND

Plaintiff makes the following allegations: In 2005, he was sentenced to an indeterminant state sentence of two to six years of imprisonment. In 2009, the State of New York changed the relevant law so "anyone can no longer serve an [indeterminant] sentence, first time offenders are no longer required to serve over a maximum of 3 years [sic]." (ECF 2, at 5.) "That law was never applied or implemented on [Plaintiff's] behalf. [He] served imprisonment until [he] maxed out in 2011." (*Id.*)

## DISCUSSION

**A.    The State of New York and the Board of Parole**

Plaintiff's claims under 42 U.S.C. § 1983 against the State of New York and the Board of Parole are barred by the doctrine of Eleventh Amendment immunity. "[A]s a general rule, state governments may not be sued in federal court unless they have waived their Eleventh Amendment immunity or unless Congress has abrogate[d] the states' Eleventh Amendment immunity . . . ." *Gollomp v. Spitzer*, 568 F.3d 355, 366 (2d Cir. 2009) (internal quotation marks and citation omitted, second alteration in original). This immunity shields States from claims for money damages, injunctive relief, and retrospective declaratory relief. *See Green v. Mansour*, 474 U.S. 64, 72-74 (1985); *Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 101-02 (1984). "[T]he immunity recognized by the Eleventh Amendment extends beyond the states themselves to state agents and state instrumentalities that are, effectively, arms of a state." *Gollomp*, 568 F.3d at 366 (internal quotation marks and citation omitted).

Congress has not abrogated the States' immunity for claims under § 1983. *See Dube v. State Univ. of N.Y.*, 900 F.2d 587, 594 (2d Cir. 1990). And the State of New York has not waived

its immunity to suit in federal court. *See Trotman v. Palisades Interstate Park Comm'n*, 557 F.2d 35, 40 (2d Cir. 1977). As the Board of Parole is an arm of the State of New York, it enjoys Eleventh Amendment immunity from suit under § 1983. *See, e.g.*, *Goodalle v. New York*, No. 91-CV-3830, 1992 WL 42224, at *2 (S.D.N.Y. Feb. 25, 1992). The Court therefore dismisses Plaintiff's § 1983 claims against the State of New York and the Board of Parole under the doctrine of Eleventh Amendment immunity.[2] 28 U.S.C. § 1915(e)(2)(B)(iii).

**B.     Schneiderman and Evans**

The Court must also dismiss Plaintiff's claims under § 1983 against Schneiderman and Evans. To state a claim under § 1983 against a person in their individual capacity, a plaintiff must allege facts showing the person's direct and personal involvement in the alleged constitutional deprivation. *See Spavone v. N.Y. State Dep't of Corr. Serv.*, 719 F.3d 127, 135 (2d Cir. 2013) (quoting *Colon v. Coughlin*, 58 F.3d 865, 873 (2d Cir. 1995)). An individual defendant may not be held liable under § 1983 solely because that defendant employs or supervises a person who violated the plaintiff's rights. *See Iqbal*, 556 U.S. at 676 ("Government officials may not be held liable for the unconstitutional conduct of their subordinates under a theory of *respondeat superior*."). An individual can be personally involved in a § 1983 violation if:

> (1) the defendant participated directly in the alleged constitutional violation, (2) the defendant, after being informed of the violation through a report or appeal, failed to remedy the wrong, (3) the defendant created a policy or custom under which unconstitutional practices occurred, or allowed the continuance of such a policy or custom, (4) the defendant was grossly negligent in supervising subordinates who committed the wrongful acts, or (5) the defendant exhibited

---

[2] *See also Zuckerman v. Appellate Div., Second Dep't, Supreme Court*, 421 F.2d 625, 626 (2d Cir. 1970) (holding that a state court is not a "person" for the purpose of § 1983 liability); *see generally Will v. Mich. Dep't of State Police*, 491 U.S. 58 (1989) (holding that a state agency is not a "person" for the purpose of § 1983 liability).

> deliberate indifference to the rights of [the plaintiff] by failing to act on
> information indicating that unconstitutional acts were occurring.

*Colon*, 58 F.3d at 873.[3]

Plaintiff fails to allege any facts suggesting that Schneiderman or Evans was personally involved in any violations of his federal constitutional rights. Thus, the Court dismisses Plaintiff's § 1983 claims against Schneiderman and Evans for failure to state a claim on which relief may be granted. *See* § 1915(e)(2)(B)(ii).

**C.**  ***Habeas corpus relief***

Plaintiff seems to challenge a state sentence that he has already served. The Court construes Plaintiff's claims for injunctive relief as claims for *habeas corpus* relief brought under 28 U.S.C. § 2254.

A federal district court has jurisdiction to consider a § 2254 *habeas corpus* petition that is brought by "a person in custody pursuant to the judgment of a State court . . . on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). The Supreme Court has interpreted this provision as "requiring that the habeas petitioner be 'in custody' under the conviction or sentence under attack at the time his petition is filed." *Maleng v. Cook*, 490 U.S. 488, 490-91 (1989). A person seeking to challenge his state conviction or sentence under § 2254 cannot do so if "the sentence imposed for that conviction has *fully expired* at the time his petition is filed" because the person is no longer in custody pursuant to the relevant state-court judgment. *Id.* at 491 (emphasis in original); *see Lackawanna Cnty. Dist. Attorney v. Coss*, 532 U.S. 394, 401 (2001) (a petitioner who "is no longer serving the

---

[3] "Although the Supreme Court's decision in [*Iqbal*, 556 U.S. 662] may have heightened the requirements for showing a supervisor's personal involvement with respect to certain constitutional violations," the Second Circuit has not yet examined that issue. *Grullon v. City of New Haven*, 720 F.3d 133, 139 (2d Cir. 2013).

5

sentences imposed pursuant to his . . . convictions . . . cannot bring a federal habeas petition directed solely at those convictions").

Plaintiff alleges that he "served his [term of] imprisonment until [he] maxed out in 2011." (ECF 2, at 5.) He did not submit his complaint for this action to his facility's mail system for its delivery to the Court until on or about February 11, 2020 (the date that he signed his complaint), years after the sentence that he wishes to challenge expired. Thus, at the time that he filed his complaint, he was no longer in custody with respect to the state sentence he wishes to challenge. The Court therefore dismisses Plaintiff's claims for *habeas corpus* relief under § 2254 because the Court lacks jurisdiction to consider them.[4]

**D.      Leave to amend**

District courts generally grant a *pro se* plaintiff an opportunity to amend a complaint to cure its defects, but leave to amend is not required where it would be futile. *See Hill v. Curcione*, 657 F.3d 116, 123-24 (2d Cir. 2011); *Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988). Because the defects in Plaintiff's complaint cannot be cured with an amendment, the Court declines to grant Plaintiff leave to amend.

---

[4] Under the gatekeeping provisions of the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), a *habeas corpus* petitioner must obtain authorization from the appropriate Court of Appeals before filing a second or successive *habeas corpus* petition. *See* 28 U.S.C. § 2244(b)(3)(A). A petition is "second or successive" if a previous *habeas corpus* petition was decided on the merits. *See Graham v. Costello*, 299 F.3d 129, 132 (2d Cir. 2002). Because conversion of a submission into a *habeas corpus* petition may restrict a petitioner's future attempts to seek *habeas corpus* relief, a district court must normally give a *pro se* petitioner notice and an opportunity to withdraw his submission before the court recharacterizes it as a § 2254 petition. *See Cook v. New York State Div. of Parole*, 321 F.3d 274, 282 (2d Cir. 2003). Here, however, giving Plaintiff notice and granting him an opportunity to withdraw is unnecessary; dismissal for lack of *habeas corpus* jurisdiction does not trigger the AEDPA's restrictions on second or successive petitions because such a dismissal is not an adjudication on the merits.

## CONCLUSION

The Court dismisses this action.

The Court dismisses Plaintiff's claims under 42 U.S.C. § 1983 because Plaintiff seeks monetary relief from defendants that are immune from such relief and because he fails to state a claim on which relief may be granted. 28 U.S.C. § 1915(e)(2)(B)(ii), (iii).

The Court dismisses Plaintiff's claims for *habeas corpus* relief under 28 U.S.C. § 2254 because the Court lacks jurisdiction to consider those claims.

Because Plaintiff's complaint makes no substantial showing of a denial of a constitutional right, a certificate of appealability will not issue. *See* 28 U.S.C. § 2253.

This order is to be mailed by chambers.

SO ORDERED.

Dated: April 3, 2020
      New York, New York

                                                       *Louis L. Stanton*
                                                       Louis L. Stanton
                                                          U.S.D.J.